COPY

1  LOCKE LORD BISSELL & LIDDELL LLP
2  John M. Hochhausler (SBN 143801)
   jhochhausler@lockelord.com
3  Amber L. Harley (SBN 245060)
4  aharley@lockelord.com
   300 South Grand Avenue, Suite 2600
5  Los Angeles, CA  90071
   Tel:   (213) 485-1500
6  Fax:   (213) 485-1200
7
8  Attorneys for Defendant
   EXECUTIVE TRUSTEE SERVICES, LLC (incorrectly sued herein as "ETS
9  Services, LLC")
10
11              UNITED STATES DISTRICT COURT
12     CENTRAL DISTRICT OF CALIFORNIA – EASTERN DISTRICT
13
14  OMAR GONZALEZ AND BEATRIZ    ) Case No.  **CV08-07825** AJWx
    GONZALEZ                      )
15                                )  **DEFENDANT EXECUTIVE**
16                  Plaintiff,    )  **TRUSTEE SERVICES, LLC'S**
                                  )  **NOTICE OF REMOVAL**
17       vs.                      )
                                  )  28 U.S.C. §§  1441, 1446 & 1331
18  ETS SERVICES, LLC, DOE 1, and )
    DOES 2-50, inclusive,         )  [Superior Court of California, County
19                                )  of Riverside, Case No. RIC 508023]
20                  Defendants.   )
                                  )  Complaint Filed: September 11, 2008
21                                )
22                                )
23
24
25       TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES,
26  AND TO THEIR ATTORNEYS OF RECORD:
27       Defendant Executive Trustee Services, LLC, incorrectly named as "ETS
28  Services, LLC," ("Defendant") pursuant to 28 U.S.C. §§ 1441, 1446 and 1331 hereby

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1  removes this action from the Superior Court of California, County of Riverside, to the

2  United States District Court for the Central District of California, Eastern Division,

3  and states as follows:

**STATEMENT OF THE CASE**

4

5      1.     On September 11, 2008, an action was commenced in the Superior Court

6  of California, County of Riverside, styled *Omar Gonzalez, et al. v. ETS Services, LLC,*

7  *et al.*, Case No. CIVRS 807466 (the "State Court Action").

8      2.     The Complaint purports to assert three causes of action, identified and/or

9  generally alleged as follows: (1) unfair debt collection practices; (2) predatory lending

10  practices; and (3) RICO violations.

11      3.     The unfair debt collection practices cause of action asserts the following

12  statutory violations:

13          (a) violation of California's Rosenthal Fair Debt Collection Practices Act,

14  including, but not limited to, California Civil Code § 1788(e) and (f);

15          (b) violation of the Federal Fair Debt Collections Act, 15 U.S.C. §§ 1692

16  *et seq.*; and

17          (c) violation of the Real Estate Settlement Procedures Act ("RESPA"),

18  12 U.S.C. §§ 2601-2617.

19      4.     The predatory lending practices cause of action asserts the following

20  statutory violations:

21          (a) violation of the Home Ownership and Equity Protection Act

22  ("HOEPA"), 15 U.S.C. § 1637;

23          (b) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601;

24  and

25          (c) violation of the Federal Trade Commission Act ("FTC Act"), 15

26  U.S.C. §§ 41-58.

27  ///

28  ///

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1     5.     Finally, the RICO violations cause of action asserts the following

2  statutory violations: 18 U.S.C. §§ 1961 *et seq.*

3  **JURISDICTION**

4  **FEDERAL QUESTION JURISDICTION**

5     6.     This Court has jurisdiction over this matter under 28 U.S.C. § 1331

6  because Plaintiffs' claims arise under the laws of the United States.  The Supreme

7  Court has held that "a case 'arose under' federal law where the vindication of a right

8  under state law necessarily turned on some construction of federal law." *Franchise*

9  *Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983).  Here,

10  Plaintiff alleges direct violations of the Federal Fair Debt Collections Act, RESPA,

11  HOEPA, TILA, the FTC Act and RICO and seeks remedies purportedly pursuant to

12  these federal statutes.  (Compl. ¶¶ 20, 23, 26, and at p. 5).  Accordingly, the matter

13  turns upon federal questions, and this Court has jurisdiction.

14     7.     Upon information and belief, no other defendants have been named or

15  served and therefore additional consent is not required.  *Emrich v. Touche Ross & Co.*,

16  846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to

17  defendants properly joined and served in the action.")

18     8.     Accordingly, all properly served and joined defendants, excluding

19  nominal, unknown, and fraudulently joined parties, have consented to this Notice of

20  Removal.

21     9.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a) and 1441(a)

22  because the United States District Court for the Central District of California, Eastern

23  Division, is the federal judicial district and division embracing the Superior Court of

24  California for the County of Riverside where the State Court Action was originally

25  filed.

26     10.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the

27  process, pleadings, and orders on file in the State Court Action or served on Defendant

28  are attached hereto as *Exhibit 1*.

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

1

## CONCLUSION

2          By this Notice of Removal and the associated attachments, Defendant does not

3    waive any objections that it may have as to service, jurisdiction or venue, or any other

4    defenses or objections it may have to this action.  Defendant intends no admission of

5    fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or

6    pleas.  Defendant prays that the Action be removed to this Court, that all further

7    proceedings in state court be stayed, and that Defendant receives all additional relief

8    to which it is entitled.

9

10

11   Dated: November $\underline{26}$, 2008                    Respectfully submitted,

12                                                          LOCKE LORD BISSELL & LIDDELL LLP

13

14

15                                                          By: _____

16                                                               John M. Hochhausler
                                                               Amber L. Harley
17                                                          Attorneys for Defendant
                                                          EXECUTIVE TRUSTEE SERVICES, LLC
18

19

20

21

22

23

24

25

26

27

28

Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, Suite 2600
Los Angeles, CA, 90071-3119

# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ETS Services, LLC Doe 1, and Does 2 - 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Omar Gonzalez and Beatriz Gonzalez



*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 11 2006

C. Mundo

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>Western Division, Riverside Branch District<br>4050 Main Street, Riverside. CA 92501 | CASE NUMBER:<br>*(Número del Caso):*<br>RIC508023 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Catalina Manzano (Bar # 191928)
M.W. Roth, PLC
13245 Riverside , Sherman Oaks. CA 91423                                    Phone No.: (818) 989-7888
                                                                            Fax No.: (818) 501-2344

DATE: SEP 1 1 2006                        Clerk, by _____ , Deputy
*(Fecha)*                                 *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons. use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

  under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California

Code of Civil Procedure §§ 412 20 465

Exhibit _1_, Pg. _5_

## SUPERIOR COURT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA

| | |
|---|---|
| ☐ BANNING 155 E. Hays, Banning, CA 92220 | ☐ MURRIETA 30755-D Auld Road, Murrieta, CA 92563 |
| ☐ BLYTHE 265 North Broadway, Blythe, CA 92225 | ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ HEMET 880 N. State St., Hemet, CA 92543 | ☐ RIVERSIDE 4175 Main St., Riverside, CA 92501 |
| ☐ INDIO 46-200 Oasis St., Indio, CA 92201 | ☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591 |

Name and Address
Catalina Manzano
M.W. Roth, PLC
13245 Riverside
Sherman Oaks, California 91423

Attorney for Plaintiff
or Party without Attorney

Omar Gonazalez and Beatriz Gonazalez

**Plaintiff(s)**

vs

ETS Services, LLC, Doe 1, and Does 2 - 50,
inclusive

**Defendant(s)**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 11 2008

C. Mundo

CASE NO. RIC508023

CERTIFICATE OF COUNSEL

**BY FAX**

The undersigned certifies that this matter should be tried or heard in the Riverside Court for the following reason

☐ The action arose in this judicial district.

☒ The action concerns real property located in this judicial district.

☐ The defendant resides in this judicial district.

Dated: September 11, 2008

Signed by _____
ATTORNEY FOR PLAINTIFF(S)
OR PARTY WITHOUT ATTORNEY

(Rev. 07-01/2003)                **CERTIFICATE OF COUNSEL**

*LexisNexis® Automated California County Forms*

Exhibit _1_, Pg. _6_

Mitchell W. Roth, SBN 77962
Kristine T. Takvoryan, SBN 242445
M.W. ROTH, P.L.C.
13245 Riverside Drive, Suite 320
Sherman Oaks, CA 91423
Telephone: (818) 989-7888
Fax: (323) 372-3547

**Attorney for** Plaintiff



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 11 2008

C. Mundo

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVRSIDE

## RIVERSIDE DISTRICT

| | |
|---|---|
| OMAR GONZALEZ AND BEATRIZ GONZALEZ<br><br>    Plaintiff.<br><br>vs.<br><br>ETS SERVICES, LLC. DOE 1. and DOES 2 – 50. inclusive,<br><br>    Defendants. | Case No.: **RIC 508023**<br><br>**COMPLAINT FOR:**<br>1.  **UNFAIR DEBT COLLECTION PRACTICES**<br>2.  **PREDATORY LENDING PRACTICES**<br>3.  **RICO VIOLATIONS**<br><br>[Unlimited Jurisdiction Case] |

# BY FAX

## AS TO ALL CAUSES OF ACTION

1. Plaintiff, OMAR GONZALEZ AND BEATRIZ GONZALEZ, is a natural person.

2. Defendant. ETS SERVICES. LLC. is a business entity, the form unknown to Plaintiff, that is the Trustee named in Exhibit 1, and Defendant. DOE 1. is the natural person or entity that has directed and is directing said Trustee to proceed under a power of sale to foreclose.

3. Attached to the complaint as Exhibit 1 is a certain Notice of Sale. which has been issued by Defendant. ETS SERVICES. LLC at the instance of Defendant. DOE 1.

Exhibit _1_, Pg. _2_

4. Does 1 – 50 persons or entities that are unknown to Plaintiff. Their capacities are unknown. Plaintiff alleges that they are in some way involved in the actions complained of herein as either independent actors, or as agents or principals of the other named defendants. Plaintiff will amend this complaint to allege their true identities, capacities and roles as and when they are ascertained.

5. Plaintiff is informed and believes, and thereupon alleges, that Defendants, ETS SERVICES, LLC, DOE 1, and Does 2 – 50 are proceeding toward a Trustee's sale of the real property commonly known as 2742 Dunbar Drive, Riverside, CA 92503, the same property identified in Exhibit 1, ostensibly to collect the unpaid balance on the note secured by the security instrument that is identified in Exhibit 1.

6. Plaintiff is the owner in fee of the real property identified as 2742 Dunbar Drive, Riverside, CA 92503.

7. Upon information and belief, DOE 1 is not the holder of the note identified in the security instrument that is identified in Exhibit 1, is not in possession of the note properly endorsed to it, nor is it otherwise entitled by law in this State to initiate foreclosure under the security instrument identified in Exhibit 1.

8. DOE 1 has no present right to initiate foreclosure under the security instrument identified in the Notice of Sale attached as Exhibit 1, nor does it have the right to direct the ETS SERVICES, LLC to foreclose and sell the subject real property owned by Plaintiff. ETS SERVICES, LLC has been put on notice of Plaintiff's claim in this regard and demand has been made of ETS SERVICES, LLC to suspend any foreclosure sale unless and until it has obtained proof that DOE 1 actually has in its possession the original note properly endorsed to it or assigned to it as of a date preceding the notice of default recorded by ETS SERVICES, LLC. ETS SERVICES, LLC has failed and refused to suspend the sale of the property or to provide proof of the basis of the right of DOE 1 to initiate foreclosure under the security instrument referred to in Exhibit 1.

9. Plaintiff alleges that the Defendants and each of them, in so acting in this case and with respect to many other mortgage or trust deed security instruments engage in a pattern and practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on properties when they do

Exhibit __1__ , Pg. __8__

not, in fact, have the right to do so, knowing that the property owners affected do not have the knowledge and means to contest the right of said Defendants to do so.

10.   Plaintiff, through Plaintiff's attorney demanded proof of the Defendants' and each of them of their right to proceed in foreclosure in writing. No such proof or its equivalent has been offered.

11.   Plaintiff, through Plaintiff's attorney demanded further a detailed accounting of how the stated amount necessary to be paid to redeem the property from foreclosure has been calculated so that Plaintiff could adequately evaluate Plaintiffs rights under the law with Plaintiff's presale right of redemption. See Exhibit 2, incorporated herein by reference. The response, if any, of Defendants, and each of them, has been so inadequate so as to prevent Plaintiffs from determining whether any or all of the charges included in their payoff demand were justified, appropriate and proper under the terms of obligation evidenced by the negotiable instrument secured by the security instrument identified in Exhibit 1.

12.   The real property owned by Plaintiff that is identified in Exhibit 1 is unique. Therefore, should Defendants, and each of them, not be enjoined, Plaintiff will suffer irreparable injury for which there is no adequate remedy in law when Defendants proceed to sell the subject property at foreclosure sale.

13.   In all of the wrongful acts alleged in this complaint, the Defendants and each of them have utilized the United States mail in furtherance of their conspiracy to both unlawfully collect on negotiable instruments when they were not entitled under the law to do so, and, assuming *arguendo* that they do have the right to proceed to foreclose under the note, to profit from those actions in amounts greater than their rights under the note to do so.

14.   Defendants, and each of them, in committing the acts alleged in this and in other cases are engaging in a pattern of unlawful activity.

15.   As a result thereof, Plaintiff has been damaged in having to hire attorneys before bringing this action and to bring this action to enjoin the threatened non-judicial foreclosure of the subject real property, and has had to and will have to incur attorneys fees to stop the wrongful acts of the Defendants and each of them. Plaintiff has been damaged in other ways that are not readily apparent at

Exhibit _1_ , Pg. _9_

this time, but will amend this complaint to allege further damages as they are determined.

16.     In pursuing non-judicial foreclosure, Defendants and each of them represented that they had the right to payment under the note, payment of which was secured by the security instrument that is indentified in Exhibit 1 to this Complaint.

17.     The true facts were that they were not in possession of the note and either holders of the note or non-holders of the note entitled to payment, as those terms are used in the Uniform Commercial Code §§ 3-301, 3-309, and therefore they were proceeding to foreclose non-judicially without right under the law. Further, they added costs and charges to the payoff amount of the note that were not justified and proper under the terms of the note or the law.

18.     The Defendants and each of them, misrepresented the facts intending to either force Plaintiff to pay large sums of money to Defendants and each of them to which they were not entitled under the law, or to abandon Plaintiffs property to foreclosure sale.

### FIRST CAUSE OF ACTION

### UNFAIR DEBT COLLECTION PRACTICES

19.     Plaintiff realleges paragraphs 1 – 18 as if fully set forth herein.

20.     Plaintiff is informed and believes and thereupon alleges that the Defendants and each of them, in the taking the actions aforementioned, have violated provisions of California's Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code § 1788 (e) and (f), and the Federal Fair Debt Collections Act, 15 U.S.C., Title 41, Subchap. V, §§ 1692 *et seq*, and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617.

### SECOND CAUSE OF ACTION

### PREDATORY LENDING PRACTICES

21.     Plaintiff realleges paragraphs 1 – 20 as if fully set forth herein.

22.     Assuming *arguendo* that Defendant, DOE 1 does have the right under the law of negotiable instruments in this State, by endorsement, assignment, agency or otherwise, to receive payment under a valid note, payment of which is secured by the security instrument that is identified in Exhibit 1, and to initiate foreclosure under a power of sale contained therein, if any, then Defendant,

Exhibit _1_ , Pg. _10_

DOE 1 is subject to defenses that would have been available against Homecomings Financial, the initial Lender identified in the security instrument that is referred to in Exhibit 1.

23.     Plaintiff is informed and believes and thereupon alleges that Homecomings Financial has engaged in deceptive practices with respect to Plaintiff in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58, the specifics of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained.

24.     One or more of the predatory lending practices referred to in the previous paragraph permits, under the law, one or more defenses or remedies, the specifics of which will be alleged by amendment to this complaint when ascertained.

### THIRD CAUSE OF ACTION
### RICO VIOLATIONS

25.     Plaintiff realleges paragraphs 1 – 24 as if fully set forth hereat.

26.     In doing the aforesaid acts, Defendants and each of them were participating in and have participated in a scheme of racketeering as that term is defined in RICO, 18 U.S.C §§ 1961 *et seq.*

27.     Plaintiff is therefore entitled to the remedies available under RICO in civil actions.

WHEREFORE, Plaintiff prays that:

1.     Defendants, ETS SERVICES, LLC, DOE 1, and Does 2 - 50 and each of them, be prohibited from conducting any sale of the subject real property pending the outcome of this case;

2.     Defendants, ETS SERVICES, LLC, DOE 1, and Does  2 – 50, and each of them, be permanently enjoined from any and all attempts to foreclose on the subject real property unless and until it can present proof that it is entitled, under the law of negotiable instruments in force in Ca, to enforce the underlying promissory note described in the security instrument that is indentified in Exhibit 1;

3.     That Plaintiff be awarded monetary damages against the Defendants, ETS SERVICES, LLC, DOE 1, and each of them, jointly and severally, that Plaintiff incurred due to the need to bring this action for injunctive relief according to proof;

Exhibit *1*, Pg. *11*

4.      That Plaintiff be awarded statutory damages for Unfair Debt Collection practices under the federal and California statutes;

5.      That attorneys fees be awarded Plaintiff as may be permitted by law;

6.      That Plaintiff be awarded treble damages as permitted by law.

7.      That prejudgment interest be awarded Plaintiff as permitted by law;

8.      For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.


Dated:  September 11, 2008

Catalina Manzano
Attorney for Plaintiff

Exhibit _1_, Pg. _12_

Exhibit "1"

Exhibit _1_, Pg. _13_

SEP-05-2008 01:37 PM   J    . .                           8888  4309              P.02
                                        FUSTHL MNNEX                        PAGE  01

RECORDING REQUESTED BY
ETS Services, LLC

AND WHEN RECORDED MAIL TC
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

T.S. No. GM-143651-C
Loan No. 7440711570

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 11/8/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY. IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, will be held by the duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

TRUSTOR: **OMAR GONZALEZ AND BEATRIZ GONZALEZ, HUSBAND AND WIFE AS JOINT TENANTS**
Recorded 11/16/2005 as Instrument No. 2005-0945782 in Book , page  of
Official Records in the office of the Recorder of Riverside County, California,
Date of Sale: 9/25/2008 at 10:00 AM
Place of Sale:   At them Main Street entrance to the County Courthouse, 4050 Main Street,
                 Riverside, California
Property Address is purported to be:   2742 DUNBAR DRIVE
                                       RIVERSIDE, California 92603

APN #:  239-312-008-6

The total amount secured by said instrument as of the time of initial publication of this notice is **$440,386.11**, which includes the total amount of the unpaid balance (including accrued and unpaid interest) and reasonable estimated costs, expenses, and advances at the time of initial publication of this notice.

Date: 9/3/2008                    **ETS Services, LLC**
                                  **2255 North Ontario Street, Suite 400**
                                  **Burbank, California 91504-3120**
                                  **Sale Line:  714-730-2727**

                                  Ileanna Peterson, TRUSTEE SALE OFFICER

Exhibit _1_ , Pg. _14_

Exhibit "2"

Exhibit __1__, Pg. __15__

MW Roth, PLC

September 9, 2008

Lieanna Petersen                                  **Sent via mail and fax to (818) 260-1850**
Trustee Sale Officer
ETS Services, LLC
2255 N. Ontario Street, Suite 400
Burbank, CA 91504

     Re:  Trustee Sale No. GM-143651-C
     Property Address: 2742 Dunbar Drive, Riverside, California, 92503
     Our File Number: 1017/784

Dear Lieanna Petersen

**Read this letter carefully.  Failing to take appropriate action may result in ETS SERVICES, LLC, and the persons or entities initiating the above referenced foreclosure sale, being named as a Defendant in a RICO[1] action.  ETS SERVICES, LLC will not be able to avoid liability or the need to interpose a defense of such an action by a declaration of non-monetary interest.**

Let me explain.

I am the attorney for Omar Gonzalez and Beatriz Gonzalez, the owners of the property.  We have no information and documentation that the entity or person that initiated the foreclosure through your offices is entitled to do so.

The right to foreclose by judicial or non-judicial action depends upon the right of the Beneficiary to payment under the note, and that depends upon the Beneficiary being able to document its full

---

[1] RICO is the acronym for the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 et seq., which, in part, states, "It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." (...)

Exhibit _1_, Pg. _16_

Lieanna Petersen
ETS Services, LLC
September 9, 2008
Page 2

entitlement to do so under Article 3 of the California Commercial Code §§ 3301, 3309  The law is well settled  Enforcement of a note which is a negotiable instrument, by foreclosure or otherwise, requires that the party seeking payment be **in possession** of the **original note.**

California Law is well established that a deed of trust or mortgage by itself is ineffective to allow foreclosure  A promissory note is personal property and the deed of trust or mortgage securing a note is a mere incident of the debt it secures, with no separable ascertainable market value.  Civ Code §§ 657, 663  *Kirby v. Palos Verdes Escrow Co.* (1986) 183 Cal  App. 3d 57, 62   Likewise, transfers of the note and mortgage fundamentally flow back to the note   "The assignment of a mortgage without a valid transfer of the indebtedness confers no right, since debt and security are inseparable and the mortgage alone is not a subject of transfer."  *Hyde v. Mangan* (1891) 88 Cal 319; *Johnson v. Razy* (1919) 181 Cal. 342; *Bowman v. Sears* (1923) 63 CA 235; *Treat v. Burns* (1932) 216 Cal. 216.

The right, therefore, to foreclose by judicial or non-judicial action depends upon the right of the Beneficiary (the initiating party) to payment under the note, and that right depends upon the rights of the Beneficiary under Commercial Code §§ 3301, 3309, which govern the right to payment under a negotiable instrument

The **enforceability of a negotiable instrument arises only from various attributes of** **possession** of the underlying instrument.  Even where an instrument has been transferred, enforceability is still determined based upon **possession**   There are only three (3) instances, **all arising from possession,** which allow a person or entity to enforce a negotiable instrument

California Commercial Code § 3301 limits instrument enforcement to the following

> "Person entitled to enforce" an instrument means (a) the **holder** of the instrument, (b) a **nonholder** <u>in possession</u> of the **instrument** who **has the rights of a holder,** or (c) a **person not in possession** of the **instrument** who is **entitled to enforce the instrument** pursuant to Section **3309 or subdivision (d) of Section 3418.** <u>A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument</u>  (Emphasis added)"

The last sentence of 3301 explains why possession of the instrument is a necessary prerequisite to enforcement of the note.  The Lender is the one that chooses to evidence the debt in the form of a negotiable instrument for purposes of liquidity  The Lender and those who would assert a right to payment of the debt can hardly be heard, therefore, to complain that the law requires the actual possession of the original note before being able to enforce the note  The attempt to enforce a note by those that are not in actual possession of the instrument results in the unlawful collection a debt

Any right to initiate foreclosure of the security interest created by the Trust Deed recorded on 11/16/05 as Instrument No. 2005-0945782 in the official records in the Office of the County

Exhibit _1_, Pg. _17_

Lieanna Petersen
ETS Services, LLC
September 9, 2008
Page 3

Recorder for Riverside County depends upon the actual possession of the original note by the party initiating the foreclosure and for whose benefit it is being initiated. As a Trustee and a debt collector, you participate in collection at the risk that your principal may not, in fact, be in possession of the original note properly and timely endorsed or assigned to it. If your principal is not, and you, motivated by profit, proceed because of a lack of adequate due diligence under the assumption that it is entitled to payment under the note, and if we can show that this is a pattern of activity, you are, in our view, guilty of violating RICO and liable for treble damages and attorney's fees under RICO's provisions for a private (civil law) remedy.

An April 30, 2008 article in the Wall Street Journal reported only the latest example of the abuse by many substantial institutions in the mortgage industry. "The sanctions against Wells Fargo ($250,000) arose from the case of a homeowner who filed for bankruptcy protection in 2002. The company that handled her mortgage payments incorrectly characterized itself as the legal holder of the mortgage, which entitled it to seek relief as a creditor."

With the current state of the mortgage industry in general, and sub-prime loans like this one in particular, we know that loans have been packaged and securitized. Many of the originating lenders have gone out of business entirely and/or their portfolios have been purchased at fire sale prices. Many of the underlying original notes have been lost or misplaced and many foreclosures throughout the country are proceeding without the legal right that stems from the proper transfer of the debt, including the proper transfer of the original note.

This firm and other consumer protection lawyers have been filing suit against those that would take unfair advantage of homeowners that are stressed and uninformed of the details and technicalities of the law by pursuing foreclosure without having possession of the original note, or by overcharging for costs of collection, or both.

If you proceed to foreclose without proper proof of entitlement, and the party for whom you are acting is not entitled to payment under the strict requirements of the Commercial Code, you are assisting in fraudulent activity. A claim of ignorance will not be an adequate defense. Therefore, you are best advised to insist upon proper proof before proceeding further. Besides RICO, you actions may prove to be a violation of federal and state laws collection laws, too.

According to my client, the initial lender and holder of the note was Homecomings Financial. We have reason to expect that the note has been sold off and that it is no longer owned by Homecomings Financial.

Please confirm to me in writing the identity of the person or entity that initiated these foreclosure proceedings, including names and addresses, and indicate how that person or entity came to possess the right to payment under the note. Also, please confirm that this person or entity is in actual possession of the original note properly endorsed to it so that upon payment of the amount due under the note it can be properly surrendered. Again, enforcement of payment on a

Exhibit _1_, Pg. _18_

Lieanna Petersen
ETS Services, LLC
September 9, 2008
Page 4

negotiable instrument through exercising rights under a security instrument requires, with very few exceptions, actual possession of the original note by the person entitled under the note to payment

I suggest to you two options

    (1)  Provide confirmation to me, on behalf of my client, that you are suspending the foreclosure process until you give me further notice of at least 21 days, or

    (2)  Produce to me proof that your customer is and was in actual possession of the original note properly endorsed or assigned to it prior to the recording of the notice default

Failure to do one or the other will result in the filing of a lawsuit against ETS SERVICES, LLC and its customer pursuing an injunction, treble damages and attorney's fees, under RICO and under other available theories

By proof I mean, at least, a declaration under penalty of perjury from a person in authority for the beneficial owner and holder of the note. The declaration must authenticate by attachment a true and correct copy of the original note and state that the original is in his or her possession. And, the declaration must attach any supporting documentation showing either the proper endorsement or written assignment of the note, or other documentation establishing the facts that are claimed to be the basis of the entity's claimed right to payment under the note.

**Please forward a copy of this letter to the person or entity that is directing you to proceed in this matter. If you are unwilling or unable to do so, please notify me immediately in writing with the necessary information so that I can attempt to do so myself. If you do not send me the necessary information about your customer in writing, I will take that as confirmation that you forwarded a copy of the letter.**

If you would prefer further communication on this matter to be directed to an attorney or legal department for your company, please let me know by return fax or e-mail, including the attorney's name, address and phone number.

Finally, let this letter serve as my client's demand under RESPA and other applicable laws for a detailed accounting of all charges which constitute the pay off demand for the note

Very truly yours,


Catalina L. Manzano

CLM:as


Exhibit _1_, Pg. _19_

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Catalina Manzano (State Bar # 191928)<br>M.W. Roth, PLC<br>13245 Riverside , Sherman Oaks, CA 91423<br>TELEPHONE NO. (818) 989-7888   FAX NO. (818) 501-2344<br>ATTORNEY FOR (Name): Omar Gonzalez and Beatriz Gonzalez, Plaintiff | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside 92501
BRANCH NAME: Western Division, Riverside Branch

CASE NAME:
Omar Gonzalez and Beatriz Gonzalez vs ETS Services, LLC, Doe 1, and Does 2 - 50, inclusive

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RIC508023<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [X] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

**BY FAX**

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (*specify*): THREE (3)
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: September 11, 2008

Catalina Manzano
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

C

Exhibit 1 , Pg. 20

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF TRIAL DEPARTMENT ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

OMAR GONZALEZ VS ETS SERVICES
CASE NO. RIC508023

The above entitled case is ASSIGNED to the HONORABLE
Judge Bernard  Schwartz in Department 08 for ALL PURPOSES.

The Case Management Conference described in Rules of Court 3.721 is
scheduled for 03/10/09 at  8:30 am/pm in Department 08.

The plaintiff/cross-complainant shall serve a copy of the Notice of
Trial Department Assignment and Case Management Conference on all
defendants/cross-defendants named or added to the complaint and file
proof of service thereof.

Any challenge pursuant to Section 170.6 of the Civil Code of Procedure
shall be made within twenty (20) days (15 days pursuant to 68616(I) GC
plus 5 days pursuant to 1013(a) CCP) from the date of this notice of
assignment, or if the party has not yet appeared, then within fifteen
(15) days after the party's first appearance.

If this case has been assigned to a Judge Pro Tempore, whose
appointment as Commissioner is in accordance with Article Six, Section
Twenty-two of the Constitution of this State and who has been
appointed as a Temporary Judge pursuant to an order of the Court
under the authority of Article Six, Section Twenty-one of the
Constitution and Section 259 of the Civil Code of Procedure; within
ten (10) days of the date of this notice, the parties MUST file a
Notice of Non-Stipulation if they do not stipulate to the hearing of
pre-trial, trial and all subsequent post-trial law and motion matters
before the Commissioner.

Failure to file such notice within (10) days shall be deemed
acceptance of the assignment.

DATE OF NOTICE:  09/11/08

CLERK'S CERTIFICATE

I, Clerk of the above entitled Court, do hereby certify that on this
date, I provided the plaintiff(s) or plaintiffs' attorney of record
with a copy of the foregoing NOTICE.

CLERK OF THE COURT

Date:  09/11/08                    by:
                                        CARMEN Y. MUNDO

Exhibit _1_, Pg. _21_

Notice 'TDACMC' has been printed for the following Attorneys/Firms
or Parties for Case Number RIC508023 on  9/11/08:

    M.W. ROTH, PLC
    13245 RIVERSIDE DR
    SUITE 320
    SHERMAN OAKS, CA 91423

Exhibit _1_, Pg. 22

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

**CV08- 7825 CAS (AJWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA **COPY**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>OMAR GONZALEZ AND BEATRIZ GONZALEZ | DEFENDANTS<br>EXECUTIVE TRUSTEE SERVICES, LLC (incorrectly sued herein as ETS SERVICES, LLC), DOE 1, and DOES 2-50, inclusive |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Mitchell W. Roth, Esq.; Kristine Takvoryan, Esq.<br>M. W. ROTH, P.L.C.<br>13245 Riverside Drive, Suite 510<br>Sherman Oaks, California 91423<br>Tel: (818) 989-7888; Fax: (323) 372-3547 | Attorneys (If Known)<br>John M. Hochhausler, Esq.<br>Amber L. Harley, Esq.<br>LOCKE LORD BISSELL & LIDDELL LLP<br>300 South Grand Avenue, 26th Floor<br>Los Angeles, California 90071<br>Tel: (213) 485-1500; Fax (213) 485-1200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC §§ 1692 et seq.; 12 USC §§ 2601-2617; 15 USC § 1637; 15 USC § 1601; 15 USC §§ 41-58; 18 USC §§ 1961 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R.& Truck | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**  Case Number:  **CV08 - 07825**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.<br>www.FormsWorkflow.com

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Executive Trustee Services (Florida) |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _(signature)_   Date November 26, 2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com